UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CHRISTOPHER GRANT,

                              Plaintiff,                        **COMPLAINT**

          -against-                                 Docket No.:

CITY OF NEW YORK, TIARA HAMILTON, Individually,      <u>Jury Trial Demanded</u>
STEPHAN KROSKI, Individually and MICHAL VISLOCKY,
Individually,

                             Defendants.
--------------------------------------------------------------------------------X

Plaintiff CHRISTOPHER GRANT, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Specifically, plaintiff alleges that, while he was in the care, custody and control of the New York City Police Department following his arrest, the defendants were deliberately indifferent to his serious medical needs by failing to provide or summon timely medical care while plaintiff suffered a hypertensive emergency.

## **JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the district in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff CHRISTOPHER GRANT is a forty-one-year-old man residing in Queens, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority, and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, TIARA HAMILTON, STEPHAN KROSKI and MICHAL VISLOCKY were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12.      Plaintiff Christopher Grant was arrested by NYPD officers on July 14, 2023, at approximately 11:18 AM.

13.      Immediately prior to his arrest, plaintiff was engaged in a brief verbal exchange with an unknown individual on the street. Plaintiff was unarmed, was neither committing any crime nor did he pose any threat to the safety of any person.

14.      Officers surrounded plaintiff, lifted his shirt, and searched his person.

15.      Defendant TIARA HAMILTON seized and arrested plaintiff and charged him with Menacing in the Second Degree and Criminal Possession of a Weapon.

16.      Plaintiff was brought in NYPD custody to the 13th Precinct following his arrest. Plaintiff purportedly had multiple active I-Cards, and, upon information and belief, was interviewed by defendants STEPHAN KROSKI and MICHAL VISLOCKY regarding said open complaints.

17.      While in custody at the precinct, plaintiff began to experience symptoms of a hypertensive emergency: he reported feeling as though he was going to pass out, saw white flashing lights, and yelled to officers/staff that he had high blood pressure and needed immediate help.

18.      Upon information and belief, defendants TIARA HAMILTON, STEPHAN KROSKI, and MICHAL VISLOCKY were among the officers who had care, custody and control of and who otherwise were involved in processing plaintiff at the precinct and were present for

and/or were informed of plaintiff's complaints that he was suffering a medical emergency. Despite their knowledge of plaintiff's condition, each of these defendants failed to summon or cause others to summon medical assistance and/or to arrange for plaintiff's timely transport to a hospital.

19. Plaintiff's complaints were not acted upon promptly or reasonably. Upon information and belief, a shift change occurred at the precinct while plaintiff continued to display and report these symptoms.

20. Although plaintiff was arrested during daylight hours, he was not transported to a hospital until after dark – a gap of several hours during which plaintiff was symptomatic and pleading for medical attention.

21. Plaintiff was ultimately transported to Bellevue Hospital Center, where he was treated for elevated blood pressure consistent with a hypertensive emergency, including a 189/104 reading on presentation.

22. At Bellevue, plaintiff was treated with hydralazine and was prescribed losartan, an antihypertensive medication. Plaintiff had not been prescribed and did not take any antihypertensive medication prior to this incident. He now takes losartan daily.

23. Plaintiff was discharged from Bellevue Hospital on July 16, 2023, and was arraigned on the same day.

24. All charges against plaintiff were dismissed and sealed on October 17, 2023.

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to civilians. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

26. As a result of the foregoing, plaintiff CHRISTOPHER GRANT sustained, *inter*

*alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

27.    Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs numbered "1" through "26" with the same force and effect as if fully set forth herein.

28.    At all times relevant herein, plaintiff was a pretrial arrestee in the custody of the New York City Police Department, and his right to adequate medical care while in custody was protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

29.    Plaintiff's hypertensive emergency was an objectively serious medical condition. His symptoms—including near-syncope, visual disturbances in the form of white flashing lights, and dangerously elevated blood pressure—posed a substantial risk of serious harm and were obvious to any reasonable observer.

30.    Defendants TIARA HAMILTON, STEPHAN KROSKI, and MICHAL VISLOCKY knew, or should have known, of and disregarded the excessive risk to plaintiff's health and safety. Despite plaintiff's repeated and audible complaints that he suffered from high blood pressure and needed immediate medical assistance, defendants failed to summon medical care or to transport plaintiff to a hospital for several hours.

31.    Defendants' failure to provide or summon timely medical care was objectively unreasonable and constituted deliberate indifference to plaintiff's serious medical needs in violation of the Fourteenth Amendment to the United States Constitution.

32. Defendants arrested plaintiff CHRISTOPHER GRANT and ignored his requests for medical attention.

33. As a direct result of defendants' delay in obtaining medical care, plaintiff CHRISTOPHER GRANT suffered a prolonged, untreated hypertensive emergency, and he now requires daily antihypertensive medication to manage his blood pressure.

34. As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants had an affirmative duty to intervene on behalf of plaintiff CHRISTOPHER GRANT, whose constitutional rights were being violated in their presence by other officers.

37. The defendants each had a realistic opportunity to intervene to prevent the harm to plaintiff yet failed to intervene to prevent the unlawful conduct described herein.

38. As a result of the foregoing, plaintiff CHRISTOPHER GRANT was subjected to deliberate indifference to his serious medical needs and suffered injury as a result.

39. As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42.     The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department included, but were not limited to, deliberate indifference to serious medical needs. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff CHRISTOPHER GRANT'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff CHRISTOPHER GRANT.

44.     The foregoing customs, policies, usages, practices, procedures, and rules of the

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHRISTOPHER GRANT as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff CHRISTOPHER GRANT as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CHRISTOPHER GRANT was unlawfully left without medical attention.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff CHRISTOPHER GRANT's constitutional rights.

48. All of the foregoing acts by defendants deprived plaintiff CHRISTOPHER GRANT of federally protected rights, including, but not limited to, his right to adequate medical care and to be free from deliberate indifference to his serious medical needs while in custody, as secured by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

49. As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**State and Local Law Claims**

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Unreasonable Seizure under N.Y.C. Administrative Code §§ 8-801 through 8-807)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth in the preceding paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     The arrest of plaintiff CHRISTOPHER GRANT effected a seizure of his person within the meaning of New York City Administrative Code § 8-802, and that seizure continued throughout his ensuing detention in the custody of the New York City Police Department.

52.     Pursuant to New York City Administrative Code § 8-807, the right to be secure against unreasonable searches and seizures created by § 8-802 is to be construed in the same manner as the right against unreasonable searches and seizures secured by the Fourth Amendment to the United States Constitution, Article I, § 12 of the New York State Constitution, and § 8 of the New York Civil Rights Law. The reasonableness of a seizure under that standard is measured not only by its inception but also by the manner in which it is carried out.

53.     By continuing to detain plaintiff for several hours while he suffered a hypertensive emergency, and by consciously disregarding his repeated and audible pleas for medical assistance, the defendants rendered the manner of plaintiff's ongoing seizure objectively unreasonable, thereby depriving plaintiff of his right to be secure against unreasonable seizures in violation of New York City Administrative Code § 8-802.

54.     The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

55.     Pursuant to New York City Administrative Code § 8-804, it is not a defense to this

claim that any defendant has qualified immunity or any other substantially equivalent immunity.

56.    As a result of the foregoing, plaintiff CHRISTOPHER GRANT is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff CHRISTOPHER GRANT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: New York, New York
       July 13, 2026

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff CHRISTOPHER GRANT
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132

By:    _____
        *Brett Klein*
       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

CHRISTOPHER GRANT,

                            Plaintiff,                **COMPLAINT**

      -against-

CITY OF NEW YORK, TIARA HAMILTON, Individually,
STEPHAN KROSKI, Individually and MICHAL VISLOCKY,
Individually,                                   <u>Jury Trial Demanded</u>

                          Defendants.
------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
233 Broadway, Suite 1720
New York, New York 10279
(212) 335-0132